### Frank Callabrizzi v. The State.

No. 9749.    Delivered February 17, 1926.

Rehearing denied November 17, 1926.

#### 1.—Murder—Evidence—Properly Admitted.

Where on a trial for murder the state was permitted to prove that the deceased was an Irishman and appellant an Italian, there being nothing suggested by the record that there was any bias on the part of the jury in favor of an Irishman, nor prejudice against an Italian, such testimony was admissible, and in any event was clearly harmless.

#### 2.—Same—Evidence—Properly Admitted.

Where on a trial for murder the state was permitted to prove the position in which a witness found the deceased's gun in the car about an hour after the homicide, in the absence of any showing that the surroundings had undergone a change since the difficulty, this testimony was admissible.

#### 3.—Same—Evidence—Witness' General Reputation—Properly Excluded.

Where the appellant sought to prove that the general reputation for virtue and chastity of Clara Wimberly, the daughter of the deceased, and who had been introduced as a witness by appellant in his behalf, there was no error in excluding the proof, there being no suggestion in the record that appellant was surprised at this testimony and no effort made on his part to impeach said witness.

#### 4.—Same—Evidence—Properly Admitted.

Where it is clearly shown that the killing grew out of and was caused by the lascivious conduct engaged in between appellant and the daughter of the deceased, in the development of a motive, as well as the other surroundings pertaining to the case, it was legitimate to permit the state to show the illicit relations between the appellant and deceased's daughter.

ON REHEARING.

#### 5.—Same—Argument of Counsel—Qualification of Bill.

Where complaint is made of the argument of counsel, and his bill presenting the complaint is qualified by the court to the effect that counsel

for the state was arguing from the evidence and merely stating his deductions therefrom on the argument objected to, the appellant is bound by such qualifications, and no error is·presented in such bill.

### 6.—Same—Bill of Exception—No Error Shown.

Where a bill of exception complains of the statement of counsel for the state in his argument that "the defendant and said Teddy O'Hara were partners, and were working together," and there is nothing in such bill apprising this court of the fact that such argument was not supported by the evidence, nor in what way same was improper, such bill is incomplete, and presents no error.

Appeal from the District Court of Palo Pinto County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for murder, penalty fifty years in the penitentiary.

The opinion states the case.

*George M. Ritchie,* and *Ritchie & Ranspot* of Mineral Wells for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder and the punishment is fifty years in the penitentiary.

The appellant by his bill of exception No. 1 complains at the action of the court in permitting the state to prove that the deceased was an Irishman; and by his bill No. 2 complains at the court's action in permitting the witness to testify that the appellant is an Italian. These are matters of no consequence, as we view this record. There is no suggestion in this record that there was any bias on the part of the jurors in favor of an Irishman and no suggestion that there was any prejudice against the Italian race. It occurs to us that this testimony was admissible in a proper development of the case. In any event, we think the testimony was clearly harmless.

Appellant also complains at the court's action in permitting the witness Boyd to describe the position in which he found the deceased's gun in the car after the homicide. His objection was to the effect that the evidence had already shown that the homicide had occurred more than an hour prior to the time the witness visited the car and that a great many people had visited and been around the car and the scene of the homicide before Boyd reached the place and that it was not shown that the gun

was in the same position that it had occupied immediately after the homicide had occurred. The objections to this testimony would go to its weight rather than to its admissibility. In the absence of any showing that the surroundings had undergone a change since the difficulty and prior to the time when the scene of the difficulty was reached by the witness, Boyd, his testimony was admissible.

Appellant complains at the court's action in refusing to permit him to prove the general reputation of the witness, Clara Wimberly, the daughter of the deceased, and states in his bill that if permitted he could have proved by the witness, Ellis, that her reputation for virtue and chastity were notoriously bad. We think this testimony was not admissible. We are confirmed in this view by reason of the fact that the appellant placed the witness Clara Wimberly on the stand and among other things proved by her that no other man save the defendant had ever had intercourse with her. There is no suggestion in the record that appellant was surprised at this testimony and no effort made on his part to impeach her concerning this matter.

There is also complaint made at the argument of the district attorney but we are satisfied from a careful consideration of the statement of facts that the bills of exception show no language used by him that was not justified as an inference to be drawn from the facts proved. It occurs to us that the argument in every instance was a deduction properly drawn from the evidence contained in the record.

We also think that no error is shown in the court's action in permitting state's counsel to ask the appellant if he had intercourse with the daughter of the deceased. It is clear from this record that the killing grew out of and was caused by the lascivious conduct engaged in between the appellant and the daughter of the deceased and in the development of a motive as well as the other proper surroundings pertaining to the case, it was legitimate to permit the state to show the illicit relations between appellant and deceased's daughter.

We have carefully examined the charge given in this case and think that it is in accord with the precedents, and that appellant's objections thereto are without merit. From the state's standpoint, an unprovoked and an unnecessary killing is shown and the issues of fact having been properly submitted to the jury, we feel that we would be without warrant in disturbing their verdict.

Finding no error in the record, the judgment is in all things affirmed.　　　　　　　　　　　　　　　　　　*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully considered the various questions raised. Referring to the argument of the district attorney complained of in bills òf exception Nos. 6 and 7, we observe that in each instance the bill is qualified, the qualification stating, in substance, that counsel for the state was arguing from the evidence and merely stating his deductions therefrom in the argument thus òbjected to. Accepting this qualification as speaking the truth, we are unable to agree with appellant's complaint. Nor are we in accord with the proposition that the language used in the argument set out in bill of exception No. 8, in the absence of any requested instruction to the jury not to consider such argument, could be deemed possible of that injurious effect that would call for a reversal.

Bill of exception No. 5 does not present complaint of the reception of any testimony showing that appellant's witness O'Hara had been indicted for perjury. The bill presents appellant's objection to state's counsel saying in his argument: "The defendant and the said Teddy O'Hara were partners and were working together." There is nothing in the bill apprising this court of the fact that this argument was not abundantly supported by testimony. That such is the requirement is so well settled as to need no citation of authorities.

Appellant insists that the court erred in the matters complained of in bill of exception No. 4. Among other things said bill shows that appellant proposed to prove by one Ellis that the daughter of deceased was generally talked about in the neighborhood in which she lived as having been guilty of carnal intercourse with a number of persons whose names are set out in the bill. Such testimony was not proper.

Being unable to agree with any of the contentions made in behalf of appellant, the motion for rehearing will be overruled.

*Overruled.*